# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| REGINALD THOMAS BUTLER, II | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 3:25-cv-00722 |
| | ) | Judge Richardson/Frensley |
| NEWTON NISSAN OF GALLATIN, | ) | |
| INC. AND GROW FINANCIAL CREDIT | ) | |
| UNION, | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Pending before the Court is the Defendants' Motions for a More Definitive Statement (Docket Nos. 6 and 10). The Plaintiff had not responded to the motions, so the undersigned issued a show cause order giving the Plaintiff until February 23, 2026, to respond to the motions or to show cause why this action should not be dismissed for lack of prosecution. Docket No. 14. For the reasons set forth herein, the undersigned recommends that this matter be **DISMISSED WITHOUT PREJUDICE** and that the Defendants' motions for more definitive statement (Docket Nos. 6 and 10) be **DENIED AS MOOT**.

## BACKGROUND

This action was removed from the Chancery Court of Sumner County, Tennessee on June 30, 2025. Docket No. 1. This matter was referred to the undersigned on February 5, 2026. Docket No. 13.

The Defendants filed the instant motions for a more definitive statement on July 3, 2025 (Docket No. 6) and July 22, 2025, (Docket No. 10). When Plaintiff failed to respond to the motions, the Court entered an Order on February 9, 2026, for the Plaintiff to show cause by February 23, 2026, why his claims should not be dismissed for failure to prosecute. Docket No. 14. Plaintiff

was forewarned that his failure to respond to the Court's Order may lead to a recommendation that his claims be dismissed. *Id.* Plaintiff has not responded to the motions or the Court's show cause order.

## LAW AND ANALYSIS

### A. Legal Standard

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a Plaintiff to prosecute the claim or comply with the Rules or any order of the Court. *Schafer v. City of Defiance Police Department*, 529 F. 3d 731, 736 (6th Cir. 2008)(*citing Knoll v. AT & T*, 176 F. 3d 359, 362-3 (6th Cir. 1999)); *Carpenter v. City of Flint*, 723 F. 3d 700, 704 (6th Cir. 2013)("It is well settled that a district court has the authority to dismiss *sua sponte* a lawsuit for failure to prosecute."). Similarly, this Court's Local Rules provides that "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party may be summarily dismissed . . . without prejudice to refile or to move the Court to set aside the order of dismissal for just cause." Local Rule 41.01(a)(dismissal for unreasonable delay. Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F. 3d at 736 (*quoting Knoll*, 176 F. 3d at 363).

The Court considers four factors in determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the opposing party has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Schafer v. City of Defiance Police Dep't*, 529 F. 3d 731, 737 (6th Cir. 2008). A dismissal for failure to prosecute under Rule 41(b) constitutes an adjudication on the merits unless

the dismissal order states otherwise. Fed. R. Civ. P. 41(b). The Court of Appeals for the Sixth Circuit has noted, however, that dismissal under Rule 41(b) is a "harsh sanction" and should only apply in extreme situations where there is a "clear record of delay or contumacious conduct by the plaintiff." *Carter*, 636 F. 2d at 161, *quoting Silas v. Sears, Roebuck & Co., Inc.*, 586 F. 2d 382, 385 (5th Cir. 1978).

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a Plaintiff fails to prosecute or to comply with an order of the Court. *See, Jourdan v. Jabe*, 951 F. 2d 108, 109 (6th Cir., 1991). "[W]hile pro se litigants may be granted some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a lay person can comprehend as easily as a lawyer." *Id.* "[T]he lenient treatment of pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F. 3d 413, 416 (6th Cir. 1996).

When a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more favorably than a party who is represented. *Id.* Additionally, Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of inaction or dilatoriness of the party seeking relief." *Link v. Wabash Railroad Co.*, 370 U. S. 626, 630 (1962).

This is not a case of a plaintiff simply filing documents past deadlines or filing inadequate briefs. *See Mulbah v. Detroit Bd. of Educ.*, 261 F. 3d 586, 593-94 (6th Cir. 2001) (finding that the district court abused its discretion by granting a motion to dismiss for failure to prosecute). Giving due consideration to each of the factors, the Court finds that dismissal for failure to prosecute is an appropriate and necessary sanction, as no alternative sanction "would protect the integrity of pre-trial procedures." *Carter v. City of Memphis*, 636 F. 2d 159, 161 (6th Cir. 1980).

**B. The Case at Bar**

The undersigned finds that dismissal under Rule 41(b) of the Federal Rules of Civil Procedure is appropriate because the four relevant factors, considered under the "relaxed" standard for dismissal without prejudice show a record of delay, refusal to advance the case and failure to comply with the Court's orders by the Plaintiff.

**1. Bad Faith, Willfulness, or Fault**

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings." *Wu v. T.W. Wang, Inc.*, 420 F. 3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F. 3d at 591(6th Cir 2001)). Although there is no indication that the Plaintiffs' failure to file a response to the defendants' motions for a more definitive statement by the deadline was driven by bad faith, he is still "at fault for failing to comply with the Court's Order[ ]." *Malott v. Haas*, 2017 WL 1319839, at *2 (E.D. Mich. Feb. 8, 2017), report and recommendation adopted by 2017 WL 1244991 (E.D. Mich. Apr. 5, 2017); *see id.* (finding that first factor weighed in favor of dismissal where plaintiff had failed to respond to the defendants' summary judgment motion, despite receiving additional time to do so, and had failed to respond to the court's show-cause orders). This factor weighs in favor of dismissal.

**2. Prejudice**

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F. 3d at 707 (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.,* 110 F. 3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F. 3d at 739 (same). Such prejudice typically arises in the discovery context. *See*,

4

*e.g., Harmon*, 110 F. 3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, 2013 WL 1729105, at *2 (W. D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Notably, time and effort spent on "typical steps in the early stages of litigation[,]" such as answering a complaint or filing pretrial motions to advance the defendant's position, are not actions "necessitated by any lack of cooperation" and therefore do not weigh in favor of dismissal for failure to prosecute. *Schafer*, 529 F. 3d at 739. The Sixth Circuit explained in *Schafer v. City of Defiance Police Department* that "[i]f such efforts . . . [were] alone sufficient to establish prejudice," for the purpose of Rule 41(b), "then every defendant who answers a complaint and responds minimally to a lawsuit would be able to claim prejudice[,]" a "result [that] would defy common sense." 529 F. 3d at 740.

Here, the defendants filed motions for a more definitive statement (Docket Nos. 6 and 10). The Plaintiff's failure to take any steps to advance the litigation does prejudice the Defendants. All parties are entitled to a just and prompt resolution of their cases. The failure to advance litigation, as the Plaintiff has here, prejudices the parties and reflects the type of situation where the Court should intervene. The failure of a party to respond to dispositive motions deprives the Court of that party's opposition, reflects a lack of interest in the litigation and forces the Court to address matters without the benefit of the nonmoving party's advocacy. Thus, this factor weighs in favor of dismissal.

### 3. Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Schafer*, 529 F. 3d at 740 (*quoting Stough*, 138 F. 3d at 615). In the Court's scheduling order, the Parties were explicitly ordered to comply with the Local

Rules that they were to keep both Court and opposing counsel informed of their current address. Docket No. 14. The Order likewise warned the Parties that a failure to do so may result in a recommendation that the action may be dismissed for failure to prosecute or for failure to comply with the Court's Order. The Plaintiff did not respond to the Motion to Dismiss in the time required by the Federal Rules of Civil Procedure and the Local Rules of Court. Thereafter, the Court entered a show cause order further extending Plaintiff's deadline to December 13, 2024, to indicate why his claim should not be dismissed for failure to prosecute. Docket No. 20. The Show Cause Order further warned the Plaintiff that his failure to respond to the Order may lead to a recommendation that his claims be dismissed. *Id.* The Plaintiff has not responded to the pending Motion nor this Court's Show Cause Order. This factor weighs in favor of dismissal.

### 4. Appropriateness of Other Sanctions

The less-drastic sanction of dismissal without prejudice is available and appropriate here. Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits." *Muncy*, 110 F. App'x at 557 n. 5; see also *Mulbah*, 261 F. 3d at 590–91. That is so even though the defendants have filed a motion to dismiss. *See Watsy v. Richards*, No. 86-1856, 1987 WL 37151, at *1 (6th Cir. Apr. 20, 1987) (affirming dismissal of action for failure to prosecute where plaintiff had not provided the court with a current mailing address or responded to the defendants' motion dismiss despite a sixty-day extension); *Thomas-Wilson v. Green Tree Servicing LLC*, No. 3:14-cv-01968, 2016 WL 4775738, at *1 (M.D. Tenn. Jan. 15, 2016) (dismissing pro se plaintiff's claims without prejudice for failure to prosecute and finding defendants' pending motion for summary judgment moot). Such a sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. See *Schafer*, 529 F. 3d at 737 (noting that courts apply

6

the four-factor test "more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal." *Id.* (quoting *Harmon*, 110 F. 3d at 367)).

All four factors set forth above weigh in favor of dismissal of this case. While dismissal under Rule 41(b) is a "harsh" sanction. Plaintiff has been given every opportunity to participate in this litigation and has chosen not to do so. The Plaintiff has been given ample opportunity to cure the defects and specifically advised that his failure to cooperate and comply with the Court's orders could lead to dismissal. No further less drastic sanction would be appropriate in this case.

For the foregoing reasons, the undersigned **RECOMMENDS** that this matter be **DISMISSED WITHOUT PREJUDICE** under Rule 41(b) for failure to prosecute and for failure to comply with the Court's orders. The undersigned also **RECOMMENDS** that the Defendants' Motions for More Definitive Statement (Docket Nos. 6 and 10) be **DENIED AS MOOT**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**

7