IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

REGINALD THOMAS BUTLER II,    )
    )
    Plaintiff,    )
    )    NO. 3:25-cv-00722
v.    )
    )    JUDGE RICHARDSON
NEWTON NISSAN OF GALLATIN,    )
INC., et al.,    )
    )
    Defendants.    )

## ORDER

Pending before the Court[1] is the report and recommendation (Doc. No. 15, "R&R") of the

Magistrate Judge, which recommends that the Court dismiss this matter without prejudice pursuant

to Fed. R. Civ. P. 41(b) due to the failure of *pro se* Plaintiff, Reginald Thomas Butler II, to

prosecute and for the failure of Plaintiff to comply with the Court's orders. In the R&R, the

Magistrate Judge also recommends that the pending motion for a more definite statement (Doc.

No. 6, "Newton Motion") filed by Defendant Newton Nissan of Gallatin, Inc., and the pending

motion for a more definite statement (Doc. No. 10, "Grow Motion") filed by Defendant Grow

Financial Federal Credit Union (collectively with Defendant Newton Nissan of Gallatin, Inc.,

"Defendants") be denied as moot. No objections to the R&R have been filed and the time for filing

objections has now expired.[2]

---

[1] Herein, "the Court" refers to the undersigned District Judge, as opposed to the Magistrate Judge who authored the R&R.

[2] Under Fed. R. Civ. P. 72(b), any party has fourteen (14) days from receipt of the R&R in which to file any written objections to the Recommendation with the District Court. For *pro se* plaintiffs, like Plaintiff, the Court is willing to extend this 14-day deadline by three days to allow time for filings to be transported by mail. But even this extension does not help Plaintiff because the R&R was filed on March 9, 2026, and as of March 30, 2026, Plaintiff has not filed any objections.

Absent any objection to the background and relevant facts (regarding underlying circumstances of this case) set forth by the Magistrate Judge in the R&R, the Court adopts that background and those relevant facts in their entirety and includes it here for reference.

> This action was removed from the Chancery Court of Sumner County, Tennessee on June 30, 2025. Docket No. 1. This matter was referred to the undersigned on February 5, 2026. Docket No. 13.
>
> The Defendants filed the instant motions for a more definitive statement on July 3, 2025 (Docket No. 6) and July 22, 2025, (Docket No. 10). When Plaintiff failed to respond to the motions, the Court entered an Order on February 9, 2026, for the Plaintiff to show cause by February 23, 2026, why his claims should not be dismissed for failure to prosecute. Docket No. 14. Plaintiff was forewarned that his failure to respond to the Court's Order may lead to a recommendation that his claims be dismissed. *Id.* Plaintiff has not responded to the motions or the Court's show cause order.

(Doc. No. 15 at 1-2). The Magistrate Judge concluded that this action should be dismissed without prejudice for the failure of Plaintiff to prosecute and for the failure of Plaintiff to comply with the Court's orders, and that the Newton Motion and the Grow Motion should be denied as moot.

No party has filed objections to the R&R, and the time to file objections with the Court has passed, as explained in a footnote above.

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district judge must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.* Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the magistrate judge's report or proposed findings or recommendations to which an objection is made.

The failure to object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias v. Frias*, No. 2:18-CV-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019); *Hart v. Bee Prop. Mgmt., Inc.*, No. 18-CV-11851, 2019 WL 1242372, at * 1 (E.D. Mich. Mar. 18, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). A district judge is not required to review, under a *de novo* or any other standard, those aspects of a report and recommendation to which no objection is made. *Ashraf v. Adventist Health Sys./Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Sec.*, No. 3:18-CV-00010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018) (citing *Thomas*, 474 U.S. at 150).

Absent objection, the R&R (Doc. No. 15) is adopted and approved. Accordingly, this action is dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) for the failure of Plaintiff to prosecute and for the failure of Plaintiff to comply with the Court's orders. The Newton Motion (Doc. No. 6) and the Grow Motion (Doc. No. 10) are **DENIED** as moot. The Clerk is **DIRECTED** to enter judgment pursuant to Fed. R. Civ. P. 58 and close the file.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE